**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WILMER SIMBANA, *et al.*,<br>Plaintiffs,<br>v.<br>PROFESSIONAL TRANSPORTATION RISK RETENTION GROUP, INC., *et al.*,<br>Defendants. | Civil Action No.<br>1:25-cv-03754-SDG |

**OPINION AND ORDER**

This case is before the Court on the motion for default judgment filed by Plaintiffs Wilmer Simbana, Galo Simbana Orellana, Melvin Gonzalez, and Sandy Santana as to Defendants EMA Transport LLC and Yoandris Israel Acevo Miranda [ECF 26]. Because Plaintiffs' amended complaint alleges a plausible negligence claim against Miranda and vicarious liability claim against EMA, but fails to state a negligence claim against EMA, Plaintiffs' motion for default judgment is **GRANTED IN PART and DENIED IN PART**. However, a hearing on damages and any entry of judgment shall be delayed pending resolution of the claims against the non-defaulting Defendants.

## I. BACKGROUND[1]

This case arises out of a motor vehicle collision that occurred on March 5, 2024 in Cobb County, Georgia.[2] At the time of the collision, Orellana, Gonzalez, and Santana were passengers in a vehicle driven by Simbana, traveling southbound on Interstate 75.[3] At the same time, Miranda was driving a truck on behalf of EMA and/or Defendant Aarya Transport Inc. in the same direction.[4] While attempting to avoid stopped vehicles ahead of him, Miranda swerved and struck Plaintiffs' vehicle.[5] Miranda was determined to be at fault for the collision and was cited for driving too fast for the conditions and failing to maintain his lane.[6] Based on these allegations, Plaintiffs bring negligence and negligence *per se* claims against Miranda, as well as vicarious liability and negligent hiring, training, and supervision claims against EMA and Aarya.[7] Though not at issue here,

---

1 A defaulted defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

2 *See generally* ECF 13. While Plaintiffs refer to their initial complaint in support of their motion for default judgment, the factual allegations against Miranda and EMA are substantively the same in the amended complaint. *Compare* Compl., ECF 1-1, *with* ECF 13.

3 ECF 13, ¶ 19.

4 *Id.* ¶¶ 20, 43–44.

5 *Id.* ¶¶ 22–23.

6 *Id.* ¶¶ 24–26.

7 *See generally id.*

Plaintiffs also bring claims against Defendants Professional Transportation Risk Retention Group, Inc. (PTRRG) and Trisura Specialty Insurance Company, the insurers of EMA and Aarya.[8]

Plaintiffs filed their initial complaint in state court on June 4, 2025.[9] PTRRG then removed the case.[10] EMA was served on June 24, and Miranda was served on August 9.[11] Plaintiffs amended their complaint in September.[12] Neither EMA nor Miranda responded to the complaint, and so the Clerk entered default on October 1. Plaintiffs now move for default judgment against EMA and Miranda.[13]

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Procedure 55 establishes a two-step process for a party to obtain a default judgment. First, the party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2). *Id.*; *see also*

---

8 *Id.* ¶¶ 17–18.

9 Compl., ECF 1-1.

10 ECF 1.

11 ECFs 3, 7.

12 ECF 13.

13 ECF 26.

*Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment.").

A defaulted defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). However, a defaulted defendant is not held to admit facts that are not well pleaded or that constitute conclusions of law. *Id.* "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997) (citing *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Therefore, when considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure the complaint states a plausible claim for relief. *Crossfit, Inc. v. Quinnie*, 232 F. Supp. 3d 1295, 1304 (N.D. Ga. 2017); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually . . . a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."). Ultimately, an entry of default judgment is committed to the discretion of the district court. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

## III. DISCUSSION

Plaintiffs state a plausible negligence claim against Miranda, and therefore they are entitled to default judgment on that claim as well as their vicarious liability claim against EMA, Miranda's alleged employer. However, Plaintiffs do not state plausible claims against EMA for negligent hiring, training, or supervision, and therefore they are not entitled to default judgment on those claims. Lastly, entry of judgment will be delayed pending resolution of the claims against the non-defaulting Defendants.

### A. Plaintiffs are entitled to default judgment on their negligence claim against Miranda.

To state a claim for negligence, a plaintiff must show: "(1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage to plaintiff's legally protected interest resulting from the breach." *Ireland v. Williams*, 351 Ga. App. 124, 127 (2019) (citation omitted).

Under Georgia law, "[a]ll drivers are charged with the duty to exercise ordinary care under the circumstances." *Rios v. Norsworthy*, 266 Ga. App. 469, 470 (2004). In particular, "[e]very driver is under a duty to keep a proper lookout for potential hazards," and "[a] driver has no right to assume that the road ahead of him is clear of traffic, and it is his duty to maintain a diligent lookout ahead." *Kelly*

*v. Fann*, 343 Ga. App. 351, 352–53 (2017) (citation omitted). Plaintiffs allege, among other things, that Miranda failed to keep a proper lookout and therefore did not see stopped vehicles ahead of him in time, causing him to steer his truck into Plaintiffs' car.[14]

Plaintiffs alternatively put forward a negligence *per se* theory, based on Miranda's alleged violations of several Georgia traffic laws. To determine whether a statutory violation constitutes negligence *per se*, the Court must determine "(1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm it was intended to guard against." *Cent. Anesthesia Assocs. P.C. v. Worthy*, 173 Ga. App. 150, 153 (1984), *aff'd*, 254 Ga. 728 (1985). Even then, "negligence per se supplies only the duty and breach of duty elements of a tort, and the plaintiffs must still prove a causal connection (proximate cause) between the breach of this statutory duty and the injuries sustained by [the plaintiff], as well as their damages." *Cent. Anesthesia Assocs.*, 254 Ga. at 730.

Plaintiffs rely on three alleged statutory violations: driving too fast for the conditions in violation of O.C.G.A. § 40-6-180; failing to maintain lane in violation of O.C.G.A. § 40-6-48; and following too closely in violation of O.C.G.A. § 40-6-

---

14 ECF 13, ¶¶ 22–23, 41.

49.[15] Miranda was cited for violations of O.C.G.A. § 40-6-180 and O.C.G.A. § 40-6-48.[16] Georgia courts have held that violations of these or analogous statutes may constitute negligence *per se*. *See, e.g.*, *Stanley v. Squadrito*, 107 Ga. App. 651, 655 (1963) (applying former O.C.G.A. § 68-1626, prohibiting "driving at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing") (internal quotation marks omitted); *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (1999) (§ 40-6-48); *Butgereit v. Enviro-Tech Env't Servs., Inc.*, 262 Ga. App. 754, 755 (2003) (§ 40-6-49).

Plaintiffs have also plausibly alleged causation and damages. They contend that, due to his excessive speed and failure to keep a lookout, Miranda "was unable to slow down and . . . veer[ed] into the right-hand lane," striking "the left side of [Simbana's] vehicle," causing damage to the vehicle as well as Plaintiffs' bodily injuries.[17]

Because Plaintiffs have sufficiently alleged their negligence claim against Miranda, they are entitled to default judgment.

---

[15] *Id.* ¶ 41.

[16] *Id.* ¶ 26.

[17] *Id.* ¶¶ 22–23, 28–32.

### B. Plaintiffs are entitled to default judgment on their vicarious liability claim against EMA.

Under Georgia law, "for an employer to be held liable under the theory of respondeat superior, two elements must be present: 'first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business.'" *Doe v. Fulton-DeKalb Hosp. Auth.*, 628 F.3d 1325, 1333 (11th Cir. 2010) (quoting *Piedmont Hosp., Inc. v. Palladino*, 276 Ga. 612, 613 (2003)).

Plaintiffs allege that, at the time of the collision, Miranda was employed by EMA, an interstate and intrastate motor carrier, and was operating the truck with EMA's permission and within the scope of his employment.[18] As such, Plaintiffs have sufficiently alleged that EMA should be held vicariously liable for Miranda's negligence.

### C. Plaintiffs are not entitled to default judgment on their negligent hiring, training, and supervision claims against EMA.

Plaintiffs also bring negligent hiring, training, and supervision claims against EMA. "In contrast to respondeat superior claims, claims of negligent hiring, retention, training, and supervision are based on the *employer's* negligence." *ABM Aviation v. Prince*, 366 Ga. App. 592, 597 (2023) (emphasis in

---

18 As stated previously, Plaintiffs allege alternatively that Miranda was employed by EMA or Aarya. *See id.* ¶¶ 43–44.

original). An employer "has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's tendencies or propensities that the employee could cause the type of harm sustained by the plaintiff." *Id.* (citation omitted). As for negligent training, "a plaintiff must demonstrate that inadequate training caused a reasonably foreseeable injury." *Id.* at 598 (citation omitted). Finally, "[a]n employer may be held liable for negligent supervision only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Id.* (citation omitted).

In support of these claims, Plaintiffs allege—in conclusory fashion—that EMA "had knowledge of, or in the exercise of reasonable care should have had knowledge of negligence discussed herein, the dangerous condition(s) created by their actions, and Defendant Miranda's dangerous propensities."[19] Similarly, Plaintiffs allege that EMA "fail[ed] to promulgate and enforce company policies, procedures, and rules for protection of the public," and "failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor

[19] *Id.* ¶ 47.

carrier regulations, and all applicable Federal motor carrier regulations."[20] However, such "a formulaic recitation of the elements of a cause of action will not do," and while "detailed factual allegations" are not required, Plaintiffs' bare allegations are insufficient to state plausible negligence claims against EMA. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, Plaintiffs are not entitled to default judgment on their negligent hiring, training, and supervision claims against EMA.

**D. Entry of judgment should be delayed pending resolution of the claims against the non-defaulting Defendants.**

While the Court concludes that Plaintiffs are entitled to default judgment against Miranda and EMA, because Defendant Aarya is similarly situated to Miranda and EMA but is not in default, the Court further concludes that the entry of default judgment against Miranda and EMA should be delayed pending the resolution of the claims against Aarya.[21]

The Eleventh Circuit has long held that, when defendants may be jointly and severally liable or are similarly situated, a default judgment should not be entered against defaulting defendants if the non-defaulting defendants prevail on the merits. *See, e.g.*, *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d

---

20 *Id.* ¶¶ 49, 51.

21 The court notes that Plaintiffs acknowledge as much in their motion. *See* ECF 26, at 3–4, 6.

1499, 1512 (11th Cir. 1984). Under Rule 54 of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This has been interpreted to mean that courts should refrain from granting a default judgment in multi-party cases until the conclusion of the action on the merits as to the non-defaulting defendants. *Mfrs. All. Ins. Co. v. Brencorp, Inc.*, No. 4:15-CV-0140-HLM, 2016 WL 4582074, at *2 (N.D. Ga. Mar. 22, 2016).

Miranda, EMA, and Aarya are similarly situated: Plaintiffs allege alternatively that Miranda was employed by EMA or Aarya, and Aarya's vicarious liability is based on Miranda's alleged underlying negligence. Similar to *Gulf Coast Fans*, if it is later established that Miranda was in fact Aarya's employee at the time of the crash, or that Miranda was ***not*** negligent in operating his vehicle, it would be "incongruous and unfair" to enter default judgment against Miranda and EMA. 740 F.2d at 1512. Accordingly, the Court finds that there is just reason for delaying a hearing on damages and any entry of a default judgment against Miranda and EMA until resolution of the claims against the non-defaulting Defendants. Fed. R. Civ. P. 54(b).

## IV. CONCLUSION

Plaintiffs' motion for default judgment [ECF 26] is **GRANTED IN PART and DENIED IN PART**. A hearing on damages and any entry of judgment shall be delayed pending resolution of the claims against the non-defaulting Defendants.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge